IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

———————————————

CHIBUEZE C. ANAEME,

       Plaintiff,

vs.                                                                 No.   CV-05-746

WALGREEN CO., d/b/a WALGREENS,
et al.,

         Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTIONS TO DISMISS

THIS MATTER comes before the Court upon Defendant Viramontes' Motion to Dismiss for Improper Service, filed May 31, 2006 (**Doc. 29**), and Individual Defendants' Motion to Dismiss and/or Summary Judgment, filed August 16, 2006 (**Doc. 32**).  No response has been filed for either motion.[1]  For the following reasons, both motions will be granted.

### Background

Plaintiff, who is proceeding pro se, filed suit against his former employer Walgreens Company ("Walgreens") alleging various theories of discrimination, harassment and retaliation because he is Nigerian and black.  Plaintiff's failure to follow the local rules of this Court as well as the Federal Rules of Civil Procedure (both in this case and others), has resulted in the dismissal

---

[1] Defendants state they have tried to contact Plaintiff to determine whether the motion to dismiss and/or summary judgment is opposed.  According to Defendants, Plaintiff's telephone number of record, which is an answering service, states that the service is no longer receiving calls for Plaintiff and there is no forwarding telephone number.  Plaintiff's pager number is no longer in service.  Defendants have also checked with the Clerk's Office, which has not received any new or different contact information for Plaintiff.

of many of the numerous named individual Defendants. <u>See</u>, Doc. 21 (Order dismissing all

Defendants who were not served within 120 days of the filing date of the complaint and Doc. 25

(Order dismissing those for whom no Return of Service shown on docket). Although this case is

currently pending before the Court, Plaintiff is now conditionally barred from initiating new pro se

litigation in this district. <u>See</u>, Doc. 25 at 2, n.1.

**Discussion**

Defendant Viramontes contends that his dismissal is proper because he was not properly

served. The Defendants who filed the motion to dismiss and/or summary judgment have

answered Plaintiff's First Amended Complaint, and seek dismissal on the merits of Plaintiff's

claims.

**I.      Defendant Viramontes' Motion to Dismiss for Improper Service**

A Return of Service was filed with this Court Defendant Viramontes ("Viramontes") on

November 1, 2005.[2]  The Return of Service indicates that Viramontes was personally served at his

place of employment. However, Viramontes was out of town on vacation at a dog show at the

time the Summons and Complaint was left at the Walgreens where Viramontes worked.

Viramontes did not receive copies of the summons and complaint by mail at either his home

address or his place of employment, nor is anyone at his place of employment authorized to

receive service of process for him.

A motion authorized by Rule 12(b)(5) challenges the sufficiency of the service of the

process upon the defendant, and is proper to assert that the process was not served in the manner

---

[2]  By Court Order, Defendants for whom Returns of Service were indicated on the docket were allowed an opportunity to argue whether service was proper. <u>See</u>, Doc. 25 at 2.

2

or within the time period provided by Rule 4. <u>Richardson v. Alliance Tire and Rubber Co., Ltd.</u>, 158 F.R.D. 475 n.2 (D.Kan.,1994) (citing Moore's Federal Practice ¶ 12.07[2.-4]). Rule 4(e) of the Federal Rules of Civil Procedures explains how service must be effected upon an individual. Service can be effected pursuant to New Mexico law (in this case), or as a second option, by delivering a copy of the summons and complaint to the individual personally or at the individual's residence as described in Rule 4(e)(2).

Dropping off the summons and complaint at Viramontes' place of employment while he was absent does not comply with the requirements of New Mexico law unless there had been attempts to effect personal service or service by mail or commercial courier. Because Plaintiff has not responded to the motion, and there is no evidence that such other service was ever attempted, I have no reason to reject Viramontes' sworn statements regarding his whereabouts during the time the summons and complaint was left at his place of employment, or the absence of any other efforts by Plaintiff to effect service upon him. Therefore, Viramontes' motion to dismiss for improper service under Rule 12(b)(5) is granted.

## II.  Individual Defendants' Motion to Dismiss and/or Summary Judgment

Defendants Jeanette Goodyear-Leivo (improperly named as Jeanette Goodyear), Chantz Eyring, Vernon Voyles, Juanita Chavez, and Ben Villa (improperly named as Ben Vier) (hereinafter, "Individual Defendants"), move for dismissal of Plaintiff's claims on the merits as alleged in the First Amended Complaint:

! Count I:  Title VII disparate treatment on the basis of race, ethnicity and national origin;

! Count II: Denial of equal rights to contract arising under 42 U.S.C. § 1981;

! Count III:  Retaliation for making a wage claim under the Fair Labor Standards Act, 29

U.S.C. § 215(a)(3), and for filing charges of discrimination under Title VII and the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1, et seq.;

**!**  Count IV:  claim for violations under the New Mexico Human Rights Act;

**!**  Count V:  appears to be a claim for civil conspiracy;

**!**  Count VI:  appears to be a claim for workplace harassment;[3]

**!**  Count VII:  Intentional Infliction of Emotional Distress in Defendants' refusal to allow Plaintiff's continued employment, and to sabotage his efforts to maintain employment;

**!**  Count VIII:  claim for punitive damages.

The motion is self-styled as a motion to dismiss and/or for summary judgment.  A motion to dismiss pursuant to Rule 12(b)(6) is treated as a motion for summary judgment when premised on materials outside the pleadings, and the opposing party is afforded the same notice and opportunity to respond as provided in Rule 56.  Hall v. Bellmon, 935 F.2d 1106, 1110-11 (10th Cir. 1991), cited in Lucero v. Gunter, 52 F.3d 874, 877 (10th Cir. 1995).  The district court has the discretion to decide whether to convert a motion to dismiss into one for summary judgment. Poole v. County of Otero, 271 F.3d 955, 957 (10th Cir. 2001), abrog. on other grds., by Hartman v. Moore, 126 S.Ct. 1695 (2006).  Because Individual Defendants have attached several affidavits as exhibits, and have provided a Statement of Undisputed Facts in their brief.  Thus, the Court treats the motion as a motion for summary judgment.

**Legal Standard**

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of

---

[3]  Plaintiff does not refer to any specific federal statute or law as a legal basis for either Count V or VI.  Therefore, because Plaintiff is pro se, I construe the allegations in the complaint liberally.  Tootle v. Dunavan, 107 Fed. Appx. 825, 826 (10th Cir. 2004).

material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56( c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. See, Celotex Corp. v. Catrett, 477 U. S. 317, 323 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. See, Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 256 (1986).

In this case, Plaintiff has not responded at all.  By failing to file a response to a Rule 56 motion, a nonmoving party waives the right to file a response and confesses all facts asserted and properly supported in the motion.  Murray v. City of Tahlequah, 312 F.3d 1196, 1199 (10th Cir. 2002).  However, a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party.  Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.  The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.  Reed v. Bennett, 312 F.3d 1190, 1194-95 (10th Cir. 2002) (citations omitted).  Therefore, Court's analysis will be limited to whether there is support for the facts and the appropriateness of the legal argument underpinning those facts.

**Statement of Undisputed Facts**

Plaintiff worked at a Walgreens store in Carlsbad, New Mexico from approximately July 2004 through December 2004 as a floater pharmacist.  He also worked a few shifts as a floater pharmacist at a Walgreens in Farmington, New Mexico.  Each of the Individual Defendants is

employed by Walgreens in different capacities.  Vernon Voyles is currently employed as the Store

Manager at the Carlsbad Walgreens; Ben Villa is currently employed as Executive Assistant

Manager at the Carlsbad Walgreens; Jeanette Goodyear-Leivo is currently employed as Pharmacy

Manager of the Carlsbad Walgreens; Juanita Chavez was employed at the relevant time as a

pharmacy technician at the Carlsbad Walgreens, and has since been promoted to the position of

senior pharmacy technician; Chantz Eyring is currently employed as Staff Pharmacist at the

Farmington Walgreens.

A.    Title VII Disparate Treatment (Count I)

    Plaintiff alleges that Defendants refused to "thoroughly train" him, harassed him, failed to

promote him, and were biased in their accusations of tardiness, all in violation of Title VII's

prohibition against disparate treatment.  First Am. Compl., ¶ 6.

    Title VII applies only to an employer.  Lankford v City of Hobart, 27 F.3d 477, 480 (10th

Cir. 1994).   Personal capacity suits against individual supervisors are inappropriate under Title

VII.  Haynes et al v. Williams et al, 88 F.3d 898, 901 (10th Cir. 1996).  Since the only proper

Title VII defendant is Walgreens, claims against the Individual Defendants in their official

capacities are redundant.  Therefore, the Individual Defendants are entitled to summary judgment

on Plaintiff's Title VII claims based on disparate treatment.

 B.    42 U.S.C. § 1981 (Count II)

    Under 42 § 1981(a), "[a]ll persons within the jurisdiction of the United States shall have

the same right in every State and Territory to make and enforce contracts . . .  as is enjoyed by

white citizens. . . ." Perry v. Woodward, as: 188 F.3d 1220 (10th Cir. 1999).  As part of his

§ 1981 claim, Plaintiff alleges that Defendants refused to continue his employment based on his

race and national origin, which constituted a denial of his right to enter into contracts.  He further alleges that Defendants refused to pay back wages from this refusal to contract.  Plaintiff's claim against the Individual Defendants cannot be sustained.

Paragraph 21 of the First Amended Complaint contains the allegations pertaining to his termination from Walgreens stores in Deerfield, Illinois and New Mexico (without specifying which Walgreens in New Mexico).  The named Defendants in connection with those allegations are: Sheri Schramm, Danieray Johnson and Patrick Griego, who have been already been dismissed from this lawsuit.  Plaintiff does not name the Individual Defendants as having any personal involvement in his termination.  Further, none of the Individual Defendants had the authority to either hire or terminate Plaintiff in his capacity as a floater pharmacist, had no personal involvement in the decision-making process regarding hiring or firing Plaintiff, and had no direct authority to otherwise discipline Plaintiff, control his schedule, determine the amount of his wages, or pay his wages.  Defendants have supported these undisputed statements of fact relating to this claim with sworn affidavits. Exs. A-E, ¶¶ 4, 5, 6-8.  These facts entitle the Individual Defendants to judgment as a matter of law on Plaintiff's § 1981 claim.

C.     Retaliation (Count III)

Plaintiff alleges that Defendants retaliated against him for making a wage claim under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), and for filing charges of discrimination under Title VII and the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1, et seq.

A plaintiff must exhaust his administrative remedies before bringing suit under Title VII. Aramburu v. Boeing Co., 112 F.3d 1398, 1409 (10th Cir. 1997).  In his charge of discrimination to the EEOC, Plaintiff alleged discrimination due to his race and national origin, but did not

complain of retaliation.  Ex. 1 to First Am. Complaint.  A failure to file an administrative Title VII claim before bringing suit is jurisdictionally fatal.  <u>Seymour v. Shawver & Sons, Inc</u>., 111 F.3d 794, 799 (10th Cir. 1997), <u>overruling recognized on other grds.</u>,<u>Dunlap v. Kansas Dept. of Health and Environment</u>, 127 Fed.Appx. 433 (10th Cir. 2005).  Moreover, even if this Court had jurisdiction over Plaintiff's retaliation claim under Title VII, Plaintiff has no cause of action against the Individual Defendants.  As mentioned earlier, personal capacity suits against individual supervisors are inappropriate under Title VII.  Since the Court has found that it is redundant to name numerous Defendants in their official capacity for the sole purpose of making a claim against an employer under Title VII, the Individual Defendants are entitled to summary judgment on a retaliation claim brought under Title VII.

Plaintiff's retaliation claim may also be liberally construed as being brought under § 1981, which is not subject to the exhaustion requirement found in Title VII.  <u>Mitchell v. City and County of Denver</u>, 112 Fed.Appx. 662 (10th Cir. 2004).  However, to the extent that Plaintiff alleges a claim for retaliation under § 1981, such a claim fails.  A claim seeking personal liability under § 1981 must be predicated on the actor's personal involvement; there must be some affirmative link to causally connect the actor with the discriminatory action.  <u>Allen v. Denver Public School Bd</u>., 928 F.2d 978, 983 (10th Cir. 1991).  Plaintiff makes no factual allegations against the Individual Defendants indicating that they had any direct involvement in any of the alleged adverse employment decisions.  Plaintiff's allegations regarding refusal to pay wages, salary and per diem owed, and wrongful termination are directed toward Defendants Schramm, Johnson and Griego.  First Am. Compl., ¶¶ 19, 21.  Therefore, Individual Defendants are entitled to summary judgment on Plaintiff's retaliation claim.

D.     New Mexico Human Rights Act Claim (Count IV)

Individual Defendants seek summary judgment on Plaintiff's New Mexico Human Rights Act ("NMHRA") claim based on Plaintiff's failure to exhaust this claim.  Individual defendants cannot be sued in district court under the Human Rights Act unless and until the complainant exhausts her administrative remedies against them.  Luboyeski v. Hill, 117 N.M. 380, 382-83 (1994) (affirming the dismissal of individual defendants because the plaintiff failed to exhaust administrative remedies against them).  Individual Defendants point out that Plaintiff did not name any individual defendants in his charge of discrimination, filed concurrently on or about October 9, 2004, with the Equal Employment Opportunity Commission ("EEOC") and the New Mexico Department of labor ("NMDOL").  Statement of Undisp. Fact No. 8 (citing to Ex. 1 attached to First Am. Compl.).  The Court agrees that Plaintiff has failed to exhaust his NMHRA claim with regard to Individual Defendants, and that Individual Defendants are therefore entitled to summary judgment on Plaintiff's claims brought under the NMHRA.

E.     Harassment (Count VI)[4]

Plaintiff alleges that Defendants maliciously and consistently "biasly accused" him of tardiness, denied Plaintiff work breaks to which he was entitled, and defamed his character. Plaintiff does not specify whether he brings this claim under Title VII or § 1981.  However, elements are identical for § 1981 & Title VII actions.  Roberts v. Roadway Express, Inc., 149 F.3d 1098, 1103 (10th Cir.1998).  Plaintiff's Title VII harassment claims against Individual Defendants fail for the same reason his Title VII disparate treatment claims fail:  personal capacity

───────────────────

[4]  The analysis of the civil conspiracy claim is taken out of order, since that claim hinges on the disposition of other claims.

suits against individual supervisors are inappropriate under Title VII.  In this case, Individual

Defendants need not be named in their official capacity in order for Plaintiff to assert a claim

against his employer, since Walgreens is already a named Defendant.  Also, Plaintiff did not

exhaust any claims of workplace harassment in his charge of discrimination, filed concurrently on

or about oct 9, 2004, with the EEOC and the NMDOL.

       As mentioned earlier, none of the Individual Defendants had any authority to hire, fire or

discipline Plaintiff, control his schedule or pay his wages as a floater pharmacist.  Thus, Individual

Defendants are entitled to summary judgment on Plaintiff's harassment claim, under either Title

VII or § 1981.

F.      Civil Conspiracy (Count V)

       Plaintiff alleges that Defendants acted in concert to undertake a course of conduct to

violate Plaintiff's rights, agreed to fabricate evidence and overlook exculpatory evidence, and

agreed to intentionally and maliciously harass, intimidate and terminate Plaintiff's employment.   It

is not clear whether Plaintiff is asserting a § 1983 conspiracy claim, or civil conspiracy under New

Mexico law.  I address the claim under both theories.

       A conspiracy claim brought under § 1983 conspiracy claim involves a conspiracy to

deprive a plaintiff of a constitutional or federally protected right under color of state law.  Dixon

v. City of Lawton, Okl., 898 F.2d 1443, 1449, n.6 (10th Cir. 1990).  A civil conspiracy requires

the combination of two or more persons acting in concert.  Abercrombie v. City of Catoosa,

Okla., 896 F.2d 1228, 1231 (10th Cir. 1990).  Plaintiff has not responded, and therefore, failed to

establish, either by direct or circumstantial evidence, a meeting of the minds or agreement among

the defendants.  Plaintiff presents only unsupported conclusory allegations that such a conspiracy

existed.

The tort of civil conspiracy is defined under New Mexico law as "an agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means.  The elements of a civil conspiracy claim are: (1) a conspiracy existed between two or more individuals; (2) specific wrongful acts were carried out by the defendants pursuant to the conspiracy; and (3) the plaintiff was damaged as a result of such acts." Ettenson v. Burke, 130 N.M. 67, 72 ( (N.M. Ct. App. 2001). Unlike a conspiracy in the criminal context, a civil conspiracy by itself is not actionable, nor does it provide an independent basis for liability "unless a civil action in damages would lie against one of the conspirators." Id. (quoting Armijo v. National Sur. Corp., 58 N.M. 166, 178 (1954)).  Plaintiff has not demonstrated where a conspiracy might have existed between two or more of the Individual Defendants, and therefore has not met the first requirement of a state civil conspiracy claim.  Further, the Court's disposition of Plaintiff's other claims preclude a civil conspiracy claim.  In addition, none of the Individual Defendants had any authority or control over Plaintiff's employment or nature of employment such that there could be any connection between Plaintiff's assertions and the Individual Defendants, particularly where Plaintiff has named other Defendants (who have been dismissed) as being responsible for his termination.  As a result, the Individual Defendants are entitled to summary judgment on Plaintiff's claims of civil conspiracy.

G.    Intentional Infliction of Emotional Distress (Count VII)

In order to establish a claim for Intentional Infliction of Emotional Distress ("IIED"), a plaintiff must show that (1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental

11

distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the plaintiff's mental distress.  Trujillo v. N. Rio Arriba Elec. Coop., Inc., 131 N.M. 607 (N.M. 2001). Extreme and outrageous conduct is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Id. (citing Restatement (Second) of Torts § 46 cmt. d).

As a threshold matter, a trial court must determine whether, as a matter of law, the conduct at issue may reasonably be regarded as sufficiently extreme and outrageous as to permit recovery under the tort of IIED.  Trujillo, 131 N.M. 607, 617.  In light of other cases where courts have determined that the facts that were pleaded were insufficient to establish an IIED claim, I find that Plaintiff's allegations do not describe sufficiently extreme and outrageous conduct.  In Trujillo, an employee, Mr. Trujillo, sued his employer for IIED after his employment was terminated, following fifteen years in the billing department. After being given a preliminary diagnosis of a serious condition, he stayed on sick leave for a month.  When he returned to work, Mr. Trujillo met with his supervisor to discuss concerns about his work that had been discovered in his absence.  The supervisor stated that he wanted Mr. Trujillo to work full time and placed Mr. Trujillo on paid administrative leave. However, a week later, the employer sent Mr. Trujillo a letter informing him  that his employment was being terminated based on a lack of confidence in Mr. Trujillo's job performance.  At trial, the jury returned a verdict in Mr. Trujillo's favor, but on appeal, the New Mexico Supreme Court agreed with the employer that there was no evidence of specific instances in which the employer's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency.  In Salazar v. Furr's, 629 F.Supp. 1403,

1411 (D.N.M. 1986), Ms. Salazar was six and one-half months pregnant when her employer fired her for being married to a competitor's employee.  She was terminated a few days before her pension rights would have vested.  Yet the court concluded that the employer's conduct alleged was not so extreme and outrageous as to state a claim for intentional or reckless infliction of emotional distress.

Plaintiff's IIED claim is based on (1) Defendants' refusal to fully compensate Plaintiff for his services to Walgreens; (2) deliberate efforts to sabotage Plaintiff's efforts to maintain and/or gain continued employment; (3) "deliberate and biased actions contrived and fabricated solely to defame plaintiffs' [sic] character and integrity"; and (4) refusal to continue Plaintiff's employment "despite his obvious superior qualifications and skills."  First Am. Compl., ¶ 51.  Only in extreme circumstances can the act of firing an employee support a claim of intentional infliction of emotional distress. Being fired "is a common occurrence that rarely rises to the level of being 'beyond all possible bounds of decency.'" Trujillo, 131 N.M. at 617 (quoted case omitted).  This case, based on Plaintiff's assertions, does not represent those "extreme circumstances." Moreover, it bears repeating that none of the Individual Defendants had any authority or control over matters relating to Plaintiff's continued employment or salary issues.  Accordingly, Individual Defendants are entitled to summary judgment on Plaintiff's IIED claim as well.

H.    Punitive Damages (Count VIII)

Under New Mexico law, punitive damages may not be awarded unless there is an underlying award of compensation for damages.  Gonzales v. Surgidev Corp., 120 N.M. 151, 154 91995).  In other words, "a[]n award for punitive damages must be supported by an established cause of action."  Sanchez v. Clayton, 117 N.M. 761, 766 (1994).  Based on the foregoing

findings, I have determined that Plaintiff has not established a cause of action against the Individual Defendants for which he is entitled to compensatory or nominal actions.  Therefore, he is not entitled to a claim of punitive damages.

### Conclusion

Defendant Viramontes was not properly served under applicable state or federal methods, under Rule 4(e) of the Federal Rules of Civil Procedure.  Thus, Defendant Viramontes' motion to dismiss for improper service under Rule 12(b)(5) is granted.

The motion filed by Individual Defendants will be granted in its entirety.  Individual Defendants are entitled to summary judgment on Plaintiff's Title VII claims based on disparate treatment, because personal capacity suits against individual defendants are inappropriate under Title VII, and suits against these individuals otherwise would be redundant in a suit against an employer.

Because Individual Defendants have shown as a matter of law that none of them had any personal involvement or authority to terminate or discipline Plaintiff, or control his wages, they are entitled to summary judgment on Plaintiff's § 1981claim.

Summary judgment is appropriate on Plaintiff's retaliation claim under Title VII because that claim is unexhausted; judgment as a matter of law is also appropriate on a retaliation claim if brought under § 1981 because Plaintiff presents no factual allegation of any Individual Defendant's direct involvement in any of the alleged adverse employment decisions.

The Court agrees that Plaintiff has failed to exhaust his NMHRA claim with regard to Individual Defendants, and that Individual Defendants are therefore entitled to summary judgment on Plaintiff's claims brought under the NMHRA.

None of the Individual Defendants had any authority to hire, fire or discipline Plaintiff, control his schedule or pay his wages as a floater pharmacist. Thus, Individual Defendants are entitled to summary judgment on Plaintiff's harassment claim, whether brought under either Title VII or § 1981. Also, because Plaintiff failed to include this claim in his charge of discrimination with the EEOC, it is unexhausted under Title VII.

For his civil conspiracy claim, Plaintiff has not met the first requirement of such a claim – facts which show that a conspiracy might have existed between two or more of the Individual Defendants. Further, the Court's disposition of Plaintiff's other claims preclude a civil conspiracy claim. In addition, none of the Individual Defendants had any authority or control over Plaintiff's employment or nature of employment such that they could be responsible for the alleged conduct. Therefore, the Individual Defendants are entitled to summary judgment on Plaintiff's claims of civil conspiracy.

Even if any of the Individual Defendants had any authority or control over matters relating to Plaintiff's continued employment or salary (which the undisputed material facts show that they do not have such authority or control), Plaintiff's assertions do not form the basis of "extreme circumstances" which are required to state a claim of Intentional Infliction of Emotional Distress. Thus, Individual Defendants are entitled to summary judgment on Plaintiff's IIED claim.

It has been difficult to keep track of the numerous individuals Plaintiff has attempted to drag into this case. Many of these Defendants have been dismissed for lack of prosecution, other were dismissed for failure to properly serve, and some (as the Individual Defendants) are dismissed on the merits. Inasmuch as there might be other named Defendants who have not filed motions to dismiss, the Court is confident that the findings herein would apply to any such

15

individuals, who are hereby dismissed on the same bases.[5]

> **THEREFORE,**

> **IT IS ORDERED** that Defendant Viramontes' Motion to Dismiss for Improper Service

(**Doc. 29**) is hereby GRANTED for reasons described above;

> **IT IS FURTHER ORDERED** that Individual Defendants' Motion to Dismiss and/or

Summary Judgment (**Doc. 32**) are hereby GRANTED as follows:

!      Individual Defendants are entitled to summary judgment on Plaintiff's Title VII claims based on disparate treatment, for reasons described above;

!      Individual Defendants are entitled to summary judgment on Plaintiff's § 1981 claim for reasons described above;

!      Individual Defendants are entitled to summary judgment on Plaintiff's retaliation claim for reasons described above;

!      Individual Defendants are entitled to summary judgment on Plaintiff's NMHRA claim for reasons described above;

!      Individual Defendants are entitled to summary judgment on Plaintiff's harassment claim, for reasons described above;

!      Individual Defendants are entitled to summary judgment on Plaintiff's civil conspiracy claim for reasons described above;

!      Individual Defendants are entitled to summary judgment on Plaintiff's claim of Intentional Infliction of Emotional Distress, for reasons described above;

---

[5] This would also apply to Defendant Viramonte. Although a dismissal under Rule 12(b)(5) is without prejudice, the findings in this Memorandum Opinion and Order, dismissing Plaintiff's claims *with* prejudice, would be applicable to Plaintiff's allegations against him as a named Defendant, because Plaintiff's allegations in the different counts are generic throughout the Complaint. It appears that Defendant Walgreens is the sole remaining Defendant in this action.

**IT IS FINALLY ORDERED** that Plaintiff is not entitled to punitive damages.

_____
UNITED STATES DISTRICT JUDGE